■ JEROME GARF, Respondent, v GEORGE E. HALL et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Nassau County, dated February

8, 1977, which, *inter alia,* granted plaintiff's motion to set aside a jury verdict in favor of defendants and for the entry of judgment in his favor on the issue of liability. Order modified, on the facts, by deleting (1) the second decretal paragraph thereof and (2) from the first decretal paragraph thereof the words: "and judgment is granted in favor of plaintiff on the issue of liability, together with the costs and disbursements to be taxed, and it is further", and substituting therefor the following: "and a new trial is granted on the issue of liability." As so modified, order affirmed, without costs or disbursements. Plaintiff moored his boat at defendant's dock, pursuant to an agreement. He went to the dock on June 12, 1973 and climbed down into the 12-foot boat which was tied to the dock. While plaintiff was seated by its engine, defendant George E. Hall bent down underneath a dock lamppost to speak to him. Mr. Hall straightened, causing him to hit his head against the lamppost bulb. The parties agree that Mr. Hall then picked up a shovel and knocked broken pieces of glass out of the fixture, but disagree as to the force with which he did so. Pieces of glass struck plaintiff, causing injuries, which may be permanent, to his hand. Plaintiff testified that he was sitting 15 feet directly below when Mr. Hall struck the bulb. Mr. Hall testified that he was standing directly above the bow of the 12-foot boat and that plaintiff was sitting at its stern. We find that the jury's verdict was not supported by any reasonable view of the evidence. The trial court should, in granting plaintiff's motion to set aside the verdict, have directed a new trial (see CPLR 4404, subd [a]). Damiani, J. P., Suozzi, Hawkins and O'Connor, JJ., concur.