■    JEROME GARF, Respondent, v GEORGE E. HALL et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Nassau County, dated May 18, 1978, entered upon default, which granted the plaintiff's motion to strike the defendants' affirmative defense and (2) an order of the same court, entered May 25, 1978, which denied the defendants' motion (a) to vacate the order dated May 18, 1978 and (b) for summary judgment dismissing the complaint. Appeal from order dated May 18, 1978 dismissed, without costs or disbursements. No appeal lies from an order entered upon default. Order entered May 25, 1978 modified, by deleting the provision denying that part of the defendants' motion which was to vacate the order of May 18, 1978, and substituting therefor a provision granting said branch of the motion. As so modified, order affirmed, without costs or disbursements. An indemnification agreement was raised as an affirmative defense to the personal injury action. Since it is unclear what is covered by the agreement, the question

should be determined at a new trial as was previously ordered by this court (see *Garf v Hall,* 61 AD2d 819). Suozzi, J. P., Lazer, Rabin and Cohalan, JJ., concur.